UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WELLS,

    Plaintiff,

v.

CITY OF FLINT and TERRENCE GREEN, in his Official and Individual capacities,

    Defendants.
_____/

Case No. 26-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

**<u>PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY</u>**

NOW COMES Plaintiff, MICHAEL WELLS, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, CITY OF FLINT and TERRENCE GREEN, in his Official and Individual capacities, stating as follows:

## COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Genesee, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant City of Flint is a municipal corporation within the County of Genesee, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That Defendant Terrence Green is a resident of the County of Genesee, State of Michigan and is otherwise domiciled in the State of Michigan.

4. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

5. That this Honorable Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

6. That on or about July 23, 2024, Defendant City of Flint hired Plaintiff to work as a police officer.

7. That from July 23, 2025 through March 13, 2025, Plaintiff worked for the Flint Police Department in a desk assignment.

8. That in mid-March 2025, Plaintiff transferred to a road patrol assignment and began the field training program.

9. That Plaintiff completed the field training program without issue.

10. That Plaintiff's success as a road patrol officer was noted by Defendants as he received Officer of the Month accolades for March, April, and June 2025.

11. That at all times material hereto, Plaintiff's employment relationship with the City of Flint was a just-cause or for-cause relationship.

12. That pursuant to the applicable collective bargaining agreement, at Article 2, Defendant City of Flint and the Flint Police Officers' Association agreed that "all rights to manage, direct and supervise the operations of the City and the Employees are vested solely and exclusively in the City, including but not limited to the right . . . to discipline, suspend, *discharge for cause*. . . ." (emphasis added).

13. That the applicable collective bargaining agreement further notes at Article 19, Section 1 that Defendant City of Flint requires "cause for disciplinary action," which may be comprised of "[v]iolations of policies, rules, regulations, orders, appropriate law or ordinance, and/or Articles of this Agreement[.]"

14. That on or about August 29, 2025, Captain Keith Urquhart called Plaintiff into his office.

15. That Captain Urquhart proceeded to advise Plaintiff that Defendant Terence Green, Chief of Police, would be terminating Plaintiff's employment.

16. That consistent with the information Plaintiff received from Captain Urquhart, on or about September 2, 2025, Defendant Green prepared a letter indicated that Plaintiff had violated three violations of the Flint Police Department

Code of Conduct, specifically: (1) violating Policy 600-5, Operations – Response to Resistance; (2) violation of Policy 600-64, Body Worn Cameras; and (3) violation of Policy 03-3/007, Treatment of Person in-custody.

17. That Defendant Green's September 2, 2025 letter further provides that Plaintiff's employment would be terminated effective September 2, 2025.

18. That prior to terminating Plaintiff's employment, Defendants failed to provide Plaintiff with oral or written notice of the charges against him or an explanation of Defendants' evidence against him and further failed to give him a meaningful opportunity to respond.

19. That Defendants failed to provide Plaintiff with a pre-determination hearing comporting with the due process requirements set forth in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541; 105 S. Ct. 1487 (1985).

20. That Defendants further failed to provide Plaintiff with the pre-determination process required by the applicable collective bargaining agreement.

21. That Article 32, Section 1.a provides:

Upon any disciplinary action being taken against an Employee, he shall be given an opportunity to state his position and offer any supporting evidence immediately available to the superior officer who is rendering such discipline.

22. That furthermore, the notice provisions relating to discipline set forth in the collective bargaining agreement violate the minimum requirements of due process on its face.

23. That Article 32, Section 1.d allows Defendants to provide notice of the charges against an employee after the discipline had been imposed.

24. That Article 32, Section 1.d provides:

Whenever an Employee is disciplined, other than an oral reprimand or counseling, the charges and specifications shall be reduced to writing and served upon the Employee against whom the charge are brought, with a copy to the President within two (2) working days of imposition. Such charges and specifications shall cite the specific section of rules, regulations, orders, appropriate law or ordinance, and/or Articles of this Agreement which the Employee is alleged to have violated.

25. That Defendants' actions constitute a denial of pre-deprivation procedural due process in violation of 42 U.S.C. § 1983.

26. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any and all other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

27. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social

pleasures, and disruption of lifestyle.

28. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

29. That Plaintiff hereby claims punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – DENIAL OF PRE-DEPRIVATION PROCEDURAL DUE PROCESS IN VIOLATION OF 42 U.S.C. § 1983

30. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

31. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

32. That the Fourteenth Amendment to the Untied States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005).

33. That at all times material hereto, Defendants acted under the color of

State law.

34. That at all times material hereto, Defendant Green was and is an employee of the City of Flint and exercises governmental authority as the Chief of Police.

35. That at all times material hereto, Plaintiff had a constitutionally protected liberty interest and/or property interest with which Defendant interfered.

36. That at all times material hereto, Plaintiff's employment with Defendant City of Flint was a "just-cause relationship."

37. That as noted above, the applicable collective bargaining agreement set forth Defendant City of Flint's right to "to discipline, suspend, discharge *for cause*" and further described what actions may constitute "cause."

38. That as Plaintiff maintained a just-cause employment relationship, Plaintiff possessed a property interest in his continued employment. *See Rodgers v. 36th Dist. Court*, 529 F. App'x 642, 647-648 (6th Cir. 2013).

39. That prior to discharging a just-cause employee from public employment, a public employer is required to provide (1) oral or written notice of the charges against the employee, (2) an explanation of the employer's evidence, and (3) an opportunity to present the employee's side of the story. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546; 105 S. Ct. 1487 (1985).

40. That Defendant interfered with Plaintiff's constitutionally protected

property interest by failing to give Plaintiff oral or written notice of the charges against him, including, but not limited to the charges of an improper response to resistance, a violation of the body worn camera policy, and mistreatment of a person in custody.

41. That Defendants further interfered with Plaintiff's constitutionally protected property interest by failing to provide an explanation of the evidence Defendants were relying on in making those charges against Plaintiff.

42. That most importantly, Defendants failed to provide Plaintiff any opportunity to respond to the allegations or provide his side of the story.

43. That at all times material hereto, Defendant Green acted pursuant to a policy or custom of Defendant City of Flint.

44. That at all times material hereto, Defendant City of Flint had delegated final policy-making and/or decision-making authority regarding terminations of police officers to Defendant Green.

45. That Defendant Green exercised that authority and failed to provide Plaintiff with pre-termination notice and an opportunity to respond.

46. That Defendant Green further acted pursuant to Defendant Flint's policies and procedures, specifically Article 32, Section 1.d of the applicable collective bargaining agreement.

47. That Defendant City of Flint is not entitled to any type of immunity as

a municipal entity. *See Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005).

48. That Defendant Green is not entitled to qualified immunity.

49. That Plaintiff's property interest in his continued employment and the need to provide a *Loudermill* hearing prior to discharging Plaintiff was clearly established. *See Loudermill*, 470 U.S. at 546; 105 S. Ct. 1487.

50. That Defendants' actions constitute a denial of pre-deprivation procedural due process in violation of 42 U.S.C. § 1983.

51. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any and all other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

52. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

53. That Plaintiff hereby claims the costs of this action and reasonable

attorney fees pursuant to 42 U.S.C. § 1988(b).

54. That Plaintiff hereby claims punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                        Respectfully submitted,
                                        THE MASTROMARCO FIRM

Dated: January 5, 2026      By:    */s/ Kevin J. Kelly*
                                                   VICTOR J. MASTROMARCO, JR. (P34564)
                                                   KEVIN J. KELLY (P74546)
                                                   Attorneys for Plaintiff
                                                   1024 N. Michigan Avenue
                                                   Saginaw, Michigan 48602
                                                   (989) 752-1414

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, MICHAEL WELLS, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

                          Respectfully submitted,
                          THE MASTROMARCO FIRM

Dated: January 5, 2026      By:    */s/ Kevin J. Kelly*
                                          VICTOR J. MASTROMARCO, JR. (P34564)
                                          KEVIN J. KELLY (P74546)
                                          Attorneys for Plaintiff
                                          1024 N. Michigan Avenue
                                          Saginaw, Michigan 48602
                                          (989) 752-1414